ON MOTION FOR REHEARING
PER CURIAM.
Respondent has filed a petition for rehearing directed to our Opinion filed March 7, 1979, in which we granted a writ of prohibition and directed petitioner’s discharge.
We have considered the supplemental briefs of the parties and had the benefit of oral argument and find that the petition for rehearing should be denied. However, it does appear to us that the issue involved in this case is one of great public interest. Accordingly, we certify the following two questions to the Supreme Court of Florida:
1. What is the applicability of Fla.R. Crim.P. 3.191(d)(3) in a situation where (a) a defendant is granted a continuance, (b) the State is then granted a continuance, (c) the original Speedy Trial Rule time (180 days) passes, and (d) ninety days elapse from the State’s continuance without any intervening defense continuances or delays?
2. When the Speedy Trial Rule time limitations are waived by virtue of a defense continuance, under what circumstances, if any, are any specific time periods of the Speedy Trial Rule, Fla.R. Crim.P. 3.191, reactivated absent any demand by the defendant?
The petition for rehearing is denied.
DENIED.
DOWNEY, C. J., and ANSTEAD.and LETTS, JJ., concur.